STATE OF NORTH CAROLINA v. BILLY H. HOWELL AND PENNY PHIPPS

No. 7221DC831

(Filed 20 December 1972)

Contempt §§ 3, 6— indirect contempt charge — interference with rights of litigant — insufficiency of evidence to support conviction

　　Where the evidence tended to show that defendants mailed a purported summons for magistrates court to one Ayers and his wife, that Ayers appeared in magistrates court, and that the magistrate spent 25 minutes investigating the false summons while others with scheduled cases had to wait, such evidence was insufficient to warrant conviction of defendants as for contempt under G.S. 5-8 since there was no showing that defendants' actions were such as tended to defeat, impair, impede, or prejudice the rights or remedies of a party to an action then pending in court.

APPEAL by defendants from *Alexander, Chief District Judge*, 13 July 1972 Session of District Court held in FORSYTH County.

This is an appeal from an order finding defendants, Billy H. Howell and Penny Phipps, in contempt of court and imposing fines of $300.00 against each.

On 31 May 1972 Magistrate H. W. Thomerson, Sr., signed an order, which was not entitled as in any case, directing Billy H. Howell, one of the present appellants, to appear before Chief District Judge Alexander on 12 June 1972 at 3:00 p.m. to show cause why he "should not be adjudged in indirect contempt of the Magistrates Court for the use of false and fraudulent process issued against Jerald Wayne Ayers and Kay Ayers . . . all of which is in violation of General Statutes 5-7 and 8." Attached to the order was a copy of what purports to be a "Magistrate Summons" in a civil action entitled: "Billy H. Howell, Mgr., W. T. Grant Co., Reynolda Manor, Reynolda Manor Shop. Center v. Jerald Wayne Ayers, Kay Ayers, Route 1, Pfafftown, N. C." This summons appears to have been prepared on a printed form provided for use in civil actions brought before the magistrate in the district court division of the general court of justice in Forsyth County. On the line provided for entry of the case file number there was typed "#242CVD225." The summons was dated 26 May 1972 and directed the defendants named therein to appear before Magistrate Thomerson at 9:30 a.m. on 31 May 1972 "to defend against proof of the claim stated in the complaint filed in this action." Written in at the bottom of this summons were the words: "Defendant responsible for all court costs." On the line provided for the signature of the "Deputy/Assistant/Clerk of Superior Court" there appeared a signature which was illegible.

The record on appeal indicates that Billy H. Howell did appear before Chief Judge Alexander on 12 June 1972, as he had been directed to do in Magistrate Thomerson's order of 31 May 1972, but does not indicate what, if anything, occurred at that time.

On 30 June 1972 Chief Judge Alexander signed an order, which is entitled as in the case on this appeal, to wit: "State of North Carolina vs. Billy H. Howell and Penny Phipps," directing the defendants to appear before the judge presiding over the District Court of Forsyth County on 13 July 1972 at 3:00 p.m. to show cause why they should not be punished "as for contempt" of court "on account of their causing to have issued a false summons against one Jerald Wayne Ayers and Kay Ayers." This order recites that it was issued "upon motion of the State." The record on this appeal contains the following motion, which was also entitled as in the present case:

"Now COMES H. W. Thomerson, Magistrate of Forsyth County, North Carolina, and respectfully shows unto the

Court that on the 31st day of May, 1972, at 9:30 a.m., one Jerald Wayne Ayers and wife, Kay Ayers, appeared at your affiant's office and informed your affiant that they were scheduled to appear before him on said date; that said Jerald Wayne Ayers showed your affiant a Magistrate Summons the said Ayers had received which did state that the said Ayers was to appear before your affiant on May 31, 1972, at 9:30 a.m.; that a copy of said Magistrate Summons is attached hereto as Exhibit A and incorporated herein by reference;

"Your affiant further shows unto the Court that your affiant did not have a hearing scheduled on said date for the defendant Billy H. Howell against the said Ayers; that your affiant was hearing cases on said morning and had to interrupt his court schedule in order to investigate the matter; that your affiant further shows unto the Court that there was no such file number as '242 CVD 225' as appears on the Magistrate Summons, and that because of your affiant's necessity to investigate this matter for said Ayers the business of the Court was interrupted and delayed for approximately 30 minutes or more.

"WHEREFORE, your affiant prays that an order issue directing the defendants to appear before the Judge Presiding over the District Court Division of the General Court of Justice of Forsyth County, North Carolina, and show cause, if any there be, as to why they should not be punished as for contempt of Court.

H. W. THOMERSON,

Magistrate of Forsyth County"

This motion was undated, unverified, and the record does not indicate where or when it was filed.

On 13 July 1972 defendants Howell and Phipps appeared before Judge Alexander as they had been directed to do in his order of 30 June 1972, and, through counsel, each moved to quash the show cause order on the grounds that (1) it was not supported by petition, affidavit or other proper verification; (2) the motion and order did not sufficiently inform as to the nature of this proceeding and the alleged acts upon which it is based; (3) no willful violation of an order of court had been shown; and (4) no act of either defendant had been shown such

as tended to defeat, impair, impede, or prejudice the rights or remedies of a party to an action then pending in court. Defendants' motions to quash were denied, and the matter proceeded to hearing.

The State presented the testimony of Magistrate Thomerson, who testified in substance as follows: At 9:30 a.m. on 31 May 1972 he had cases calendared for trial. At that time Mr. and Mrs. Jerald Wayne Ayers appeared before him and showed him "a paper writing in the form of a summons," but he had no case with the name and number shown on the paper writing. On checking in the office of the Clerk of Superior Court he found that no such case was docketed in Forsyth County. He spent approximately 25 minutes finding this out. People with cases scheduled at 9:30 were okay; others had to wait until he investigated the Ayers matter. On cross-examination, Magistrate Thomerson testified he did not know the names of any people who had to wait.

Jerald Wayne Ayers testified that he had received the purported summons through the mail. An assistant clerk of superior court testified that there was no file number and no case in the records in the clerk's office such as appeared on the purported summons and that no name of any member of the office of the clerk was similar to the one shown on the purported summons.

The State then called each of the defendants as witnesses, and the court, over their objections, required each to testify. In substance, their testimony showed the following:

Defendant Penny Phipps is credit manager at the W. T. Grant Company store at Reynolda Manor Shopping Center and works under the supervision of the defendant Billy H. Howell. The account of Jerald Wayne Ayers with the store was delinquent. Defendants had discussed several accounts, and Howell told Phipps they might have to send a copy of a civil complaint to the customers telling them that if they did not pay by a certain date they would have to send such papers through the court. Defendant Phipps filled out the purported summons against Ayers, copying off of the summons in the Linda Hawks file, a case which had been properly filed in court and which had been before Magistrate Thomerson. Defendant Howell had handled the entire Linda Hawks case. Phipps knew nothing about legal proceedings and thought she was giving Mr. Ayers until May

31st to pay or they would take him to court. She wrote the note, State's Exhibit 3, stating "Mr. Howell, Mgr. & Plaintiff will drop charges for amount past due *25.00* if paid before court *date*." Howell knew nothing about the purported summons against Ayers before it was sent out, did not authorize it to be sent, and had never seen it until he appeared in court on 12 June 1972.

At the close of the State's evidence the court overruled defendants' motions to dismiss and entered judgment making findings of fact, adjudging both defendants to be in contempt of court, and ordering each to pay a fine of $300.00. From this judgment defendants appealed to the Court of Appeals.

*Attorney General Robert Morgan by Associate Attorney Ruth G. Bell for the State, appellee.*

*Deal, Hutchins & Minor by William Kearns Davis for defendant appellant, Billy H. Howell.*

*Moore & Green by Thomas W. Moore, Jr., for defendant appellant, Penny Phipps.*

PARKER, Judge.

Defendants have been charged with violation of G.S. 5-8, which grants to every court of record power to punish certain conduct as for contempt "when the act complained of was such as tended to defeat, impair, impede, or prejudice the rights or remedies of a party to an action then pending in court." In our opinion the evidence in the present case falls short of being sufficient to support the trial court's finding that defendants violated this statute. There was no showing that any act of defendants, however improper, was such as tended to defeat, impair, impede, or prejudice the rights or remedies of any party to any action then pending in court. Mr. and Mrs. Ayers were not parties to any action then pending in court, and therefore any acts of defendants, however violative of the Ayers' rights, were not such as warranted punishment of defendants "as for contempt" under G.S. 5-8. The closest which the evidence came to showing that the rights of any party to a pending action may have been impeded as result of improper acts of the defendants was the magistrate's testimony that he spent approximately 25 minutes investigating the false summons and that while he did so "others had to wait." However, the magistrate could not remember the name of any person who was thereby

required to wait, and it is pure conjecture to conclude, as the trial court did, that the "others" referred to included "a party to an action then pending in court." Conviction as for contempt must be supported by a more substantial foundation than the evidence in this case disclosed.

The evidence may tend to show a violation of G.S. 14-118.1, but we hold it insufficient to warrant punishment of defendants "as for contempt" under G.S. 5-8. In view of this holding we find it unnecessary to pass upon appellants' remaining contentions, some of which appear to have merit.

The judgment appealed from is

Reversed and vacated.

Judges BRITT and VAUGHN concur.